**In the Matter of Tom O'DELL, Debtor.**
**No. 6769-B-4.**

United States District Court
D. Kansas.

Sept. 19, 1961.

Charles F. Williams, Kansas City, Kan., and John W. Schwartz, Kansas City, Mo., for debtor.

Walter Fuller, Jr., Kansas City, Kan., and David W. Barry, Kansas City, Mo., for petitioning creditor.

Claude L. Rice, Kansas City, Kan., trustee.

ARTHUR J. STANLEY, Jr., District Judge.

Associates Discount Corporation, a secured creditor, petitions for review of the order of the referee confirming the plan submitted by the debtor for an extension of time in which to pay his debts out of future earnings under the provisions of Chapter XIII of the Bankruptcy Act, 11 U.S.C.A. § 1001 et seq.

In the schedule attached to his petition, the debtor listed a debt to Associates in the amount of $2,454, secured by a mortgage on a 1960 automobile. The statement is made that the debtor is not a party to any executory contracts. Total debts amounting to $4,543 were scheduled. (Claims in the aggregate amount of $5,265.54 have since been allowed.) The debtor's plan reported average monthly earnings of $425, and proposed payments to his creditors of $37 per week. The plan contains the following provision:

"Secured debts held by creditors who accept the plan shall have priority over the unsecured debts and shall be paid prorata except: Debtor prays the court to deny the claim, if any be made, of any creditor who has repossessed goods and that debtor be relieved of all obligation thereon.

"Debtor requests that $5.00 of the money paid to the Trustee herein each week be mailed to Debtor's creditor Associates Discount Corp. who holds mortgage on his automobile."

At the first meeting of creditors held on November 15, 1960, Associates objected to confirmation of the plan, and on November 16, 1960, filed its proof of debt in which it stated that it rejected the plan. At the first meeting of creditors, the referee found that the plan had been duly accepted in accordance with the provisions of Chapter XIII of the Act and confirmed the plan, ordering payment by the debtor to the trustee of the sum of $37 per week and making no reference to the debt to Associates.

In certifying the petition for review, the referee states the question presented to be:

"May a secured creditor, who has elected to reject the plan, successfully oppose its confirmation by virtue of Section 652 of the Bankruptcy Act (11 USC 1052) after it has been approved by the unsecured creditors by a majority in number and amount."

The referee in confirming the plan was guided by a decision of this court in the case of In re Clyde Theodore Ray and Mary Ellen Ray, No. 1906–B–4 (unpublished), entered June 30, 1955. In the Ray case, the court, without discussion of the issues, affirmed the order of the referee confirming a plan under Chapter XIII over the objection of a secured creditor.

Since the question here presented is one of frequent recurrence in this court, it appears that it should be re-examined, and, in fairness to the public, the referees and the bar, that the governing rules should be announced.

That Associates' mortgage is valid and that it was duly filed and recorded is not disputed. The principal amount of the note secured by the mortgage is $3,022.-43, payable at the rate of $81.80 per month. At the date of the filing of the debtor's petition, the unpaid balance was $2,454, and Associates' claim was allowed in that amount.

An argument might be made that the debtor's request that $5 each week be paid by the trustee to Associates should be construed as a provision dealing with a secured debt as permitted by § 646 of the Act, thereby making Associates a secured creditor dealt with by the plan. This point has not been briefed by counsel and, to avoid consideration of a collateral issue and without deciding the question, I shall consider the debtor's request as a mere precatory expression not affecting the status of Associates.

A wage earner plan "may include provisions dealing with secured debts severally, upon any terms" (§ 646(2)). The term "debts" includes all claims (§ 606(4) ) whether secured or unsecured " * * * but shall not include claims secured by estates in real property or chattels real" (§ 606(1)). An application for the confirmation of a wage earner plan may be filed with the court after it has been accepted by the requisite majority of unsecured creditors "and by the secured creditors whose claims are dealt with by the plan" (§ 652(1)). A wage

earner plan shall be confirmed by the court if the court is satisfied that the provisions of Chapter XIII have been complied with (§ 656 sub. a(1) ). It follows from these provisions that a wage earner plan which deals with a secured creditor cannot be confirmed unless a written acceptance is obtained from that secured creditor (9 Collier on Bankruptcy, 14th Edition, ¶¶ 28.04, 29.01, 29.02). Chapter XIII requires that written acceptances shall be obtained from a majority in number and amount of the unsecured creditors. Consequently, unless an unsecured claim is proved and allowed, it will not be considered in the computation of the requisite majority. The claim of the secured creditor, however, need not be proved and allowed. His written acceptance must be obtained whether or not his claim is proved and allowed (9 Collier on Bankruptcy, 14th Edition, ¶ 29.02; Interstate Finance Corporation v. Scrogham, 6 Cir., 1959, 265 F.2d 889).

Thus, in the instant case, if the plan actually "dealt with" the claim of Associates, confirmation over its objection was improper. Interstate Finance Corporation v. Scrogham, supra.

The debtor in this instance earns $100 per week, or $433.33 per month. He estimates his living expenses at $255 per month. His plan calls for payments to the trustee of $37 per week. Under the plan as confirmed, secured debts held by creditors who accept the plan shall have priority over the unsecured debts and shall be paid pro rata. Claims of secured creditors aggregate $3,607. The monthly payments required by the notes evidencing these debts total $167.54, or $38.66 per week. Even though no provision be made for payment of the expenses of administration of the estate, the weekly payment of $37 by the debtor would not be sufficient to meet the obligations of the debtor to his secured creditors according to the terms of the notes executed by him. Thus, it would be necessary that they be paid pro rata in amounts less than those contracted.

██ What, then, would be the position of Associates? The bankruptcy court has exclusive jurisdiction of the debtor and his property, wherever located, and of his earnings and wages during the period of consummation of the plan (§ 611). Quite apart from this specific grant of jurisdiction, the court would take custody and control of the security since such property was in possession of the debtor at the time of the filing of the petition. Isaacs v. Hobbs Tie & Timber Co., 1931, 282 U.S. 734, 51 S.Ct. 270, 75 L.Ed. 645. Associates cannot pursue the remedies available to it in the state courts. It is subject to the provisions of § 614, authorizing the stay until final decree of any suit to enforce its lien. Under these circumstances, it is unrealistic to say that its claim is not "dealt with by the plan."

The trustee cites In re Clevenger, 7 Cir., 1960, 282 F.2d 756, as authority for the proposition that a plan providing that "secured debts held by creditors who accept the plan shall have priority over the unsecured debts and shall be paid pro rata" may be confirmed over the objection of a secured creditor. In Clevenger, however, the plan contained a provision that "secured debts held by creditors who accepted the plan shall have priority over the unsecured debts and shall be dealt with severally and will be paid as proved and allowed." And the court noted that "these executory contracts had been assumed by the trustee; hence, it was his duty to make payments, if possible, in an amount at least as large as was called for in the purchase contract."

██ It is my opinion that a plan proposed under Chapter XIII which does not provide for assumption of executory contracts by the trustee or otherwise make provision for the payment of the claims of secured creditors according to the terms of the instrument creating the debt, does deal with such claims. A plan without such provisions should not be confirmed unless accepted by the secured creditors.

For the reasons herein stated, the order of the referee confirming the plan will be reversed.

Counsel will submit an order in conformity with this opinion.