**In the Matter of George Charles PAPPAS, Debtor.**

**No. 18716.**

United States District Court
S. D. Ohio, W. D.
July 5, 1962.

M. Teitelbaum, of Teitelbaum, Bohman, Arnovitz & Jacobson, Dayton, Ohio, for debtor.

R. L. Cousineau, Dayton, Ohio, for Public Finance Corp.

Frank C. Short, Dayton, Ohio, trustee.

WEINMAN, Chief Judge.

In this matter, Public Finance Corporation #1, a secured creditor, has filed a Petition for Review of an Order of the Referee confirming the plan submitted by the debtor for an extension of time in which to pay his debts out of future earnings under the provisions of Chapter XIII of the Bankruptcy Act, 11 U.S.C.A. § 1001 et seq.

The material facts are not controverted and are stated in the Summary of Facts in the Referee's Certificate of Review as follows:

"On May 23, 1962, the debtor, George Charles Pappas, wage earner, a truck driver filed in this court, an original petition under Chapter XIII of the Bankruptcy Act, and a Proposed plan to pay to a trustee his earnings for distribution to his creditors.

"The Petition and schedules listed three secured creditors, with a total due $1150.76, and ten unsecured creditors with a total due of $848.96.

"Public Finance Corp. #1, on June 7, 1962, filed a proof of claim setting up a secured claim of $753.72, estimating the value of the furniture in their alleged mortgage at $300.00, and indicating on the form that it 'rejects the debtor's proposed plan'. The value of the furniture mortgaged was listed at $350.00 in the schedules filed by the debtor.

"The first meeting of creditors was held on June 8, 1962, at 2:30 P.M., after notice was mailed to all creditors, together with a copy of the proposed plan. The only creditor noting its presence at the first meeting was Public Finance Corporation, by R. L. Cousineau, its attorney, which raised no questions of the good faith of the debtor, or the feasibility of the plan, for consideration by the court at such first meeting.

"Upon the examination of the debtor by the Referee in Bankruptcy in open court at the first meeting, it was shown that his net income per month after payroll deductions was $380.00. His average living expenses for bare necessities only for his family, composed of a wife and four children, is $350.97 per month. His obligations for payments to secured creditors, furniture and auto-

mobile totaled $193.62 per month in addition.

"A hearing on the confirmation of the plan and objections thereto was held on June 22, 1962, at 2:00 P.M., at which time no creditors submitted argument in opposition to confirmation, all creditors having received notice of the hearing.

"On July 5, 1962, an Order confirming the plan was entered after acceptance thereof was filed with the court by eight (8) out of nine (9) creditors filing proofs of claim and in amount of $689.85 out of $848.96 owing to unsecured creditors.

"Since no arguments, oral or written had been submitted to the court objecting to confirmation, no opinion or decision was rendered, to explain the action taken by the Referee in Bankruptcy, before the Order was entered on July 5, 1962."

The Order of Confirmation, filed July 5, 1962, provides, in part, that the trustee is

"to receive, hold and distribute at further order of this court in accordance with the plan to all unsecured creditors and to those secured [creditors] who have accepted the plan any monies received by him. Secured creditors who reject the plan shall not be affected by the Plan. * * *"

The Order thereafter lists the priority of payments and provides that payments be made "to all unsecured and secured creditors as provided for in the plan", after all Court costs, trustee's fees and the first $150.00 of legal fees for the attorneys of the debtor.

The Order further provides:

"It is further ORDERED that Public Finance Corp. #1, an alleged secured creditor, which has filed a rejection of debtor's plan herein, shall not be dealt with by the plan, and said secured creditor should be, and is, hereby granted leave to file a reclamation petition herein to exercise its lien rights and to ascertain the effect, if any, upon this Court's jurisdiction over the earnings of the debtor.

"It is further ORDERED that the enforcement of the lien, if any, of Public Finance Corp. #1 be and the same is hereby stayed until further order of this Court and said creditor shall participate as a secured creditor as previously ordered herein in the funds paid by the debtor to the trustee until a determination on the reclamation proceedings."

The plan, which was approved by the foregoing Order, provides:

"Your petitioner proposes that he pay to a Trustee the sum of Forty Dollars ($40.00) per month payable every week, until all the debts and claims listed on the schedules attached to the petition filed herein have been satisfied and discharged and until all the costs of this proceeding have been paid."

The plan also states:

"Payment of 50%· should be made to all secured creditors and payments of 50% to all unsecured creditors until both are paid in full, and the ——————— shall be given priority and considered for payment as a secured creditor."

In his Certificate of Review, the Referee states the question presented as:

" * * * whether the bankruptcy court may exercise its jurisdiction in law or equity to confirm a proposed plan to pay creditors and assist in the rehabilitation of a wage earner, and ordering a secured creditor to be not dealt with under the confirmed plan and granting leave to file a reclamation petition to said creditor whose claim is twice as large as the property described in its alleged lien."

In this Court's view, there are actually several questions which should be considered in this review. Two closely related questions are: (1) May a Referee confirm a plan wherein a secured credi-

tor, which has not accepted the plan in writing, is "dealt with" and if he may not, (2) Was Public Finance Corporation #1 "dealt with" in the Order of Confirmation? And finally, (3) Was the Order of the Referee proper wherein it granted leave to Public Finance Corporation #1 to file a reclamation petition and stayed the enforcement of said corporation's lien, if any, until further order of the Referee.

*As to questions one and two.* Under § 1052, Title 11 U.S.C.A., if a plan has not been unanimously accepted, an application for confirmation may be filed with the Court,

"but not before—

"(1) it has been accepted in writing, if unsecured creditors are affected by the plan, by a majority in number of all such creditors whose claims have been proved and allowed before the conclusion of the meeting, which number shall represent a majority in amount of such claims, *and by the secured creditors whose claims are dealt with by the plan;*" [Emphasis added].

■ It is therefore clear that if a secured creditor is dealt with by the plan, he must accept the plan in writing before the Court can confirm it. Interstate Finance Corporation v. Scrogham, 265 F.2d 889 (C.A. 6th 1959). See In re O'Dell, 198 F.Supp. 389, 391 (D.C.D. Kan.1961), wherein the Court stated:

" * * * a wage earner plan which deals with a secured creditor cannot be confirmed unless a written acceptance is obtained from that secured creditor (9 Collier on Bankruptcy, 14th Edition, ¶¶28.04, 29.01, and 29.02). * * *"

■ Was Public Finance Corporation #1 "dealt with" in the Order of July 5, 1962? The Court must answer this in the affirmative. Under the plan as confirmed, the payments to the secured creditors are to be 50% of the funds received by the trustee, being $50.00 less certain authorized prior payments. And under this plan, Public Finance Corpora-

tion #1, a secured creditor, is not receiving payments sufficient to meet the obligation of George Charles Pappas, the debtor herein, according to the terms of the instrument creating the debt. The Court concludes that the secured creditor herein became an involuntary participant in the plan and accordingly was "dealt with." To conclude otherwise would be unrealistic.

As stated in In re O'Dell, supra, at page 391:

" * * * a plan proposed under Chapter XIII which does not provide for assumption of executory contracts by the trustee or otherwise make provision for the payment of the claims of secured creditors according to the terms of the instrument creating the debt, does deal with such claims. A plan without such provisions should not be confirmed unless accepted by the secured creditors."

For a case wherein the debtor provided for payments according to the terms of the contract, see In re Duncan, 33 F. Supp. 997 (D.C.E.D.Va.1940) and see In re Clevenger, 282 F.2d 756 (C.A. 7th 1960) wherein the trustee assumed the executory contracts.

■ It should be noted that the Referee's Order provides that Public Finance Corp. #1 "shall participate as a secured creditor * * * until a determination on the reclamation proceeding" and it may therefore be argued that the secured creditor could extricate himself from the plan by filing a reclamation petition. However, § 1052 provides that an application for confirmation may be filed with the Court *"but not before * * ** it is accepted in writing * * * by the secured creditors whose claims are dealt with by the plan * * *."* [Emphasis added]. The duty is upon the wage earner to obtain the acceptance in writing from the necessary secured creditors *before* filing his application for confirmation. The statute cannot be construed to allow a referee to file an Order confirming the plan and therein require a

secured creditor to participate in the plan or file a reclamation petition.

 *As to question three.* It may be said that the Court, having concluded that the secured creditor herein has been "dealt with" and the plan should not have been confirmed as proposed, need not consider the third question. However, the Court deems it advisable to indicate pertinent statutes and cases for several reasons: because the Order of July 5, 1962 contains language regarding a reclamation petition; because the Referee states the question on review in terms of jurisdiction; and further to aid all concerned in their future actions in this matter.

The Order under consideration provides, as previously quoted:

" * * * said secured creditor should be, and is, hereby granted leave to file a reclamation petition herein to exercise its lien rights and to ascertain the effect, if any, upon this Court's jurisdiction over the earnings of the debtor.

"It is further ORDERED that the enforcement of the lien, if any, of Public Finance Corp. #1 be and the same is hereby stayed until further order of this Court and said creditor shall participate as a secured creditor as previously ordered herein in the funds paid by the debtor to the trustee until a determination on the reclamation proceedings."

In considering this question, a review of several statutes is helpful:

§ 1011, Title 11 U.S.C.A., provides:

"Where not inconsistent with the provisions of this chapter, the court in which the petition is filed shall, for the purposes of this chapter, have exclusive jurisdiction of the debtor and his property, wherever located, and of his earnings and wages during the period of consummation of the plan."

§ 1014, Title 11, U.S.C.A., provides:

"The court may, in addition to the relief provided by section 29 of this title and elsewhere under this chap-

ter, enjoin or stay until final decree the commencement or continuation of suits other than suits to enforce liens upon the property of a debtor, and may, upon notice and for cause shown, enjoin or stay until final decree any act or the commencement or continuation of any proceeding to enforce any lien upon the property of a debtor."

§ 1058, Title 11 U.S.C.A., provides:

"During the period of extension, the court—

"(1) shall retain jurisdiction of the debtor and his property for all purposes of the plan and its consummation and shall have supervision and control of any agreement or assignment, provided for in the plan, in respect to any future earnings or wages of the debtor; and

"(2) may issue such orders as may be requisite to effectuate the provisions of the plan * * *."

A review of the foregoing statutes leads the Court to the conclusion that a referee may require a secured creditor, who is not "dealt with" by the plan, to file a reclamation petition in lieu of pursuing the remedies otherwise available to such secured creditor in the state court. In re O'Dell, supra, at page 391. For a similar holding, see In re Clevenger, supra, at page 757, wherein the Court of Appeals for the Seventh Circuit stated:

" * * * We hold that in this case where the plan did not cover secured creditors who rejected the plan, the Court had jurisdiction of the debtor and all of the property of the debtor in which he had an interest, and possessed the power and authority to enjoin the prosecution of the reclamation petitions. 11 U.S.C.A. § 1014."

Of course, the provisions in the Order of July 5, granting Public Finance Corporation #1 leave to file a reclamation petition, do not correct or vitiate the defects of the Order as hereinbefore discussed by the Court.

Accordingly, the Order of July 5, 1962 now under review is hereby vacated and this matter is remanded to the Referee to take further action not inconsistent with this decision.

It is so ordered.