**FIRST NATIONAL BANK OF PORTSMOUTH, NEW HAMPSHIRE,**
Petitioner, Appellant,

v.

**Gerald S. COPE, Trustee, Appellee.**

In the Matter of Fay S. KANE, Jr., Debtor.

No. 6915.

United States Court of Appeals
First Circuit.

Nov. 7, 1967.

Lawrence P. Mahoney, Portland, Me., for appellant.

William E. McKinley, Portland, Me., for appellee.

Before ALDRICH, Chief Judge, and McENTEE and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

In October 1966 one Kane, hereinafter the debtor, filed a plan under Chapter XIII, § 622 of the Bankruptcy Act, 11 U.S.C. § 1022. The plan stated,

> "6. *Secured claims:* Nothing is proposed by this plan which may materially and adversely affect the interest of any creditor having a valid security interest in any of the debtor's property. Any secured claim, as proved and allowed, which may be materially and adversely affected, shall not be dealt with by this plan until such time as a written acceptance from such creditor is filed with the Court.

> \* \* \* \* \* \*

> "b. Payment to non-assenting secured creditors may be made by the trustee in such manner as may be permitted under the law, without regard to any other provision of this plan. Such claims, as proved and allowed, shall have priority of payment over the unsecured and priority claims, other than costs of administration, in such manner and amounts as determined by the Court."

The debtor was then the owner of an automobile under a mortgage or installment sales contract. In the plan he listed the creditor as appellant First National Bank of Portsmouth, hereinafter the Bank, the value of the security as $1945, and the amount due, the same sum. The debtor was not in default, having just made his monthly payment of $81. The Bank filed proof of secured claim for $1945 and a rejection of the plan. In November there was a first meeting of creditors and an order was entered which listed the Bank as a se-cured creditor in the amount of $1500, to receive payments of $60 monthly. It is asserted by appellee Cope, the trustee appointed by this order, that this was a "secretarial error." This assertion stands uncontradicted, but at no material time was the record changed, nor does it appear that the Bank was ever informed of the alleged error.

The Bank was under an agreement with the dealer who had sold the debtor the car to return it before the payments were four months in arrears, failing which the Bank became responsible for any loss on the transaction. In December, having received nothing, and, in view of the $60 order, not expecting the payments to be maintained in any circumstances, the Bank "repossessed" the car by removing it from a parking lot. Thereafter the trustee filed a motion to require the Bank to return the car. After a hearing, at which the foregoing appeared, the court entered a turnover order and the Bank, having unsuccessfully petitioned for review, appealed.

We will assume that as the record stood the Bank was legally entitled in December to repossess the car. It had this right against the debtor, absent the Chapter XIII proceedings, and if its security interest was adequately proved, it had this right against the trustee. So far as he was concerned, not only did the plan concede it, but the November order expressly recognized it. As a rejecting secured creditor the Bank was either not dealt with by the plan in view of paragraph six, supra, or it was dealt with by the order, and adversely affected and hence, under section 652(1), 11 U.S.C. § 1052(1), not bound without its consent.[1] In re Copes, D. Kan., 1962, 206 F.Supp. 329; cf. In re Wilder, M.D.Ga., 1963, 225 F.Supp. 67. Hence, without more appearing, the Bank would have been entitled to prevail on

---

[1]. The perhaps unfortunate wording of the statute, at least according to some courts, impedes even the confirmation of the plan itself in some circumstances when a secured creditor does not accept. In re O'Dell, D.Kan., 1961, 198 F.Supp. 389; In re Pappas, S.D.Ohio, 1962, 216 F. Supp. 819; cf. In re Clevenger, 7 Cir., 1960, 282 F.2d 756.

a petition for reclamation, had it filed one.

This fact does not mean that the Bank was permitted to exercise self-help. Section 611, 11 U.S.C. § 1011 provides,

"Where not inconsistent with the provisions of this chapter, the court in which the petition is filed shall, for the purposes of this chapter, have exclusive jurisdiction of 'the debtor and his property, wherever located, and of his earnings and wages during the period of consummation of the plan."

Not only did this provision place the car in the exclusive jurisdiction of the court, but it is made abundantly clear by section 641 (§ 1041) that the jurisdiction is acquired the moment the plan is filed. It is true that these sections are not applicable if the vesting of jurisdiction is "inconsistent with the provisions of this chapter," but the Bank points to no inconsistency in this situation, and there is none.

It should require but little imagination to envisage the serious consequences to orderly and, indeed, effective, bankruptcy administration that would ensue from the recognition of the principle advocated by the Bank. Every creditor who believed, albeit mistakenly, that he had a right to property in the possession of the court, and perhaps some who did not believe it, but who were willing to take the risk to improve their position, would seize that property. The trustee, instead of administering the estate, would be busy policing or endeavoring to regain possession of it. Particularly in a Chapter XIII proceeding, the whole purpose of which is to rehabilitate the debtor, the taking of assets vital to the conduct of his affairs might foreclose success. The requirement that even those who are correct in their belief that they are entitled to the return of property should have to go through orderly proceedings, In re Pappas, S.D.

Ohio, 1962, 216 F.Supp. 819, and suffer consequences if they do not, is a small price to pay.

Moreover, even though a creditor's right to the recovery of his property for breach of condition was demonstrable, the trustee has a right, within limits we need not now determine,[2] to accept the burden of the contract and retain the property. The filing of a reclamation petition may afford him such opportunity. Accordingly, even when the creditor's position is of the moment absolutely correct, he cannot be permitted to exercise self-help and disadvantage the trustee in the administration of the estate. The provisions of sections 611 and 641 are perfectly clear, and the Bank committed what we can only regard as an obvious trespass upon property in the jurisdiction of the court.

Affirmed.

---

2. But see In re Clevenger, 7 Cir., 1960, 282 F.2d 756; In re Copes, supra; In re O'Dell, D. Kan., 1961, 198 F.Supp. 389.