In the Matter of James D. and Carolyn McKEE, Debtors.

**FORD MOTOR CREDIT COMPANY,**
Appellant,

v.

James D. and Carolyn McKEE, Appellees.

Nos. LR–B–75–543, LR–B–75–544.

United States District Court,
E. D. Arkansas, W. D.

July 28, 1976.

Charles Darwin Davidson, Little Rock, Ark., for appellees.

Griffin Smith, Little Rock, Ark., for appellant.

## MEMORANDUM OPINION

HENLEY, Circuit Judge, Sitting by Designation.

This case, which arises under Chapter XIII of the Bankruptcy Act, 11 U.S.C. § 1001 *et seq.*, is before this court on petition for review of an order of the bankruptcy judge classifying appellant Ford Motor Credit Company (Ford Credit) as a partially secured creditor and continuing in force an injunction prohibiting Ford Credit from proceeding directly against the collateral.

The facts are undisputed. James D. McKee and Carolyn McKee filed a wage earner plan under Chapter XIII of the Bankruptcy Act on August 5, 1975. Their plan required monthly payments of $145.00 to the Chapter XIII trustee for disbursement to creditors. At the time of filing, the debtors had a 1975 Mercury Montego automobile which was financed by Ford Credit. The balance due at the time of filing was $5,804.40. The plan provided that the regular monthly contract payment to Ford Credit of $145.11 would be scaled down to $105.00. Thereafter, on August 22, 1975, Ford Credit filed a complaint requesting that the injunction against it be dissolved.[1] On September 3, 1975 the first meeting of creditors was held and the complaint of Ford Credit heard and taken under advisement. On October 7, 1975 the bankruptcy court pursuant to Rule 13–307(d) filed an order classifying Ford Credit as a secured creditor to the extent of the value of the collateral ($3,700.00) and as an unsecured creditor for the balance.

Rule 13–307(d) provides in pertinent part that

[i]f a secured creditor files a claim, the value of the security interest held by him as collateral for his claim shall be determined by the court. The claim shall be allowed as a secured claim to the extent of the value so determined and as an unsecured claim to the extent it is enforceable for any excess of the claim over such value.

The sole issue on appeal is whether Rule 13–307(d), by restricting the secured creditor's right to either full contract payments or repossession of the collateral, falls outside the rulemaking power of the Su-

---

1. Under Rule 13–401(a), the filing of a petition under Chapter XIII operates as an automatic stay against lien enforcement.

preme Court as granted to it under 28 U.S.C. § 2075.[2]

The parties are apparently agreed that application of Rule 13–307(d) means that a secured creditor whose security on the date of valuation is less than the amount due under the installment contract will receive less than the installment amount even though the debtor retains possession of the collateral. It is the position of Ford Credit, however, that the rule modifies the secured party's substantive right to full performance.

Few reported cases have been found on the validity of this new bankruptcy rule, and these have reached conflicting results. *Compare In re Moralez,* 400 F.Supp. 1352 (N.D.Cal.1975), *with In Re Wall,* 403 F.Supp. 357 (E.D.Ark.1975). *See also In Re Garcia,* 396 F.Supp. 518 (C.D.Cal.1974). Similarly, pre-rule authorities discussing the bankruptcy court's power to require secured creditors to accept less than the full contract amount under a plan are split into two separate lines of decision. *Compare In Re Teegarden,* 330 F.Supp. 1113 (E.D.Ky. 1971); *In Re Pizzolato,* 281 F.Supp. 109 (W.D.Ark.1967); *In Re Pizzolato,* 268 F.Supp. 353 (W.D.Ark.1967), *with Terry v. Colonial Stores Employee's Credit Union,* 411 F.2d 553 (5th Cir. 1969); *In Re Clevenger,* 282 F.2d 756 (7th Cir. 1960); *In Re Pappas,* 216 F.Supp. 819 (S.D.Ohio 1962). *See also Thompson v. Ford Motor Credit Co.,* 475 F.2d 1217 (5th Cir. 1973); *In Re Copes,* 206 F.Supp. 329 (D.Kan.1962). For a full discussion of the two lines of decision, see Poulos, *The Secured Creditor In Wage Earner Proceedings: Dream Versus Reality,* 44 Referees J. 68 (1970); Note, *Effectuating The Purposes of Chapter XIII of the Bankruptcy Act,* 22 Maine L.Rev. 401 (1970).

A reading of *In Re Howard,* 344 F.Supp. 1138 (E.D.Ark.1971), will reveal that in years prior to the adoption of Rule 13–307 this writer was of the opinion that a bankruptcy court administering a Chapter XIII estate could enjoin a creditor holding chattel security from enforcing the lien by repossession or foreclosure only if three specific conditions were met: (1) The injunction must have been necessary to preserve the debtor's estate or to carry out the Chapter XIII plan; (2) The granting of the injunction must not have impaired the security of the lien; (3) The mortgagee must not have been required to accept less than the full periodic payments called for by his contract with the debtor.

The same position appears to have been taken by the late District Judge Gordon E. Young in the case of *In Re Rutledge,* 277 F.Supp. 933 (E.D.Ark.1967). As far as the third condition mentioned above was concerned, a slightly more liberal view was taken by District Judge John E. Miller. *See* his opinions in *In Re Pizzolato, supra.*

Were the court writing on a clean slate, it might have a good deal of trouble with Rule 13–307(d) as construed and applied by the bankruptcy judge in this case. However, the question is certainly an open one as of this time, and *In Re Wall, supra,* decided by District Judge Harris squarely supports the holding of the bankruptcy judge.

Some years ago in *Childers v. Southern Farm Bureau Cas. Ins. Co.,* 282 F.Supp. 866, 869 (E.D.Ark.1968), the writer had occasion to consider the weight that should be given to a decision of one of his colleagues on an open question of Arkansas state law. It was said:

> Federal courts in this State frequently find it necessary to decide important questions of Arkansas law upon which

---

**2.** 28 U.S.C. § 2075 reads as follows:

> The Supreme Court shall have the power to prescribe by general rules, the forms of process, writs, pleadings, and motions, and the practice and procedure under the Bankruptcy Act.
>
> Such rules shall not abridge, enlarge, or modify any substantive right.

> Such rules shall not take effect until they have been reported to Congress by the Chief Justice . . . .
>
> All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect.

the Arkansas Supreme Court has not passed. In the interest of uniformity of decision, if nothing else, this Court thinks that when one of the federal judges sitting in this State decides one of those questions after thorough consideration, the other judges ordinarily should follow his decision until the Courts of Arkansas authoritatively decide the question the other way.

The court thinks that the same approach should be taken where an Arkansas federal judge decides a question of federal law that has not been answered authoritatively by the federal appellate courts, including the Supreme Court of the United States.

It seems obvious to the court that the question presented by this record will ultimately have to be decided at higher judicial levels. In the present state of things, this court will follow the decision of Judge Harris in *Wall, supra,* and the order of the bankruptcy court which produced this appeal will be affirmed.