**In re Leroy BLEVINS, Debtor.**

**Bankruptcy No. 2–79–02979.**

United States Bankruptcy Court,
S. D. Ohio, E. D.

Dec. 7, 1979.

Samuel L. Calig, Columbus, Ohio, for debtor.

Frank M. Pees, Trustee, Worthington, Ohio.

## ORDER DENYING CONFIRMATION

R. J. SIDMAN, Bankruptcy Judge.

This matter is before the Court on the requested confirmation of the Chapter 13 plan proposed by Leroy Blevins. The plan as originally proposed called for payments of $16.00 weekly, the payment of holders of allowed secured claims in full to the value of their collateral, and the payment of unsecured claims at a dividend rate of 53%. City Loan and Savings, a partially secured creditor of Blevins, was to be paid, in full, outside the plan. Blevins' plan was subsequently amended to provide for the payment of a 30% dividend to unsecured creditors, instead of the 53% originally proposed.

This reduction in dividend percentage was for the purpose of completing the plan within the thirty-six (36) month time period set forth in § 1322(c) of Title 11 of the United States Code.

According to the schedules filed by Blevins, City Loan and Savings is owed the sum of $1,179.32 and is secured in a 1974 Plymouth automobile. The Court, pursuant to provisions of § 506 of the Bankruptcy Code, valued the collateral held by City Loan at $1,000.00.

One of the tests required for confirmation of a Chapter 13 plan is that "the plan complies with the provisions of this chapter and with other applicable provisions of this title." See, 11 U.S.C. § 1325(a)(1). Certain provisions of Chapter 13 deal with the subject of classification of claims. Specifically, § 1322 provides:

"§ 1322   *Contents of Plan*

(a) The plan shall—

3.       .       .       .       .

(3) if the plan classifies claims, provide the same treatment for each claim within a particular class.

(b) Subject to subsections (a) and (c) of this section, the plan may—

(1) designate a class or classes of unsecured claims, as provided in section 1122 of this title, but may not discriminate unfairly against any class so designated;" 11 U.S.C. § 1322(a) and (b)(1).

These provisions dealing with classification of claims in Chapter 13 cases are new. There was an apparent intent on the part of Congress to allow debtors in Chapter 13 proceedings, subject to a test of "fairness", to classify claims to be paid in a Chapter 13 proceeding in accordance with the nature of the claim. The legislative history on the classification of claims issue is not particularly illuminating. It seems clear, however, that some latitude has been granted debtors to treat claims in varying classes, assuming some rational justification for such treatment.

It is important to analyze the effect of these new provisions dealing with the classification of claims. The old Chapter XIII statute, first of all, clearly eliminated from the definition of "claim" in a Chapter XIII proceeding any claim secured by estates in real property or chattels real. 11 U.S.C. § 1006(1) (now repealed). Thus, because a creditor in a Chapter XIII had to be the holder of a claim, as defined, any creditor holding any interest in real property was not within the ambit of Chapter XIII and could not be affected by, or included in, a Chapter XIII proceeding. Further, because of the provision in § 652 of Chapter XIII that "secured creditors whose claims are dealt with by the plan" had to accept such a plan, the practice developed in Chapter XIII that certain secured creditors were not dealt with by the terms of the plan, but rather were to be treated "outside" the provisions of the plan. This practice was intended to avoid the problem of a rejecting secured creditor being dealt with by the plan, and thus creating, in the view of some courts, a bar to confirmation. See, *In the Matter of Tom O'Dell*, 198 F.Supp. 389 (D. Kansas, 1961). As can be seen from a review of the provisions of the plan in this case, Blevins seeks to perpetuate this practice by proposing to treat City Loan, one of his partially secured creditors, "outside" the ambit of his plan. This Court has searched in vain for any legislative approval of the practice of excluding partially secured creditors from a Chapter 13 plan under the new Bankruptcy Code. On the contrary, the new Code clearly gives debtors the full opportunity to deal with all creditors, and to modify the rights of all claim holders except a claim holder secured only in real estate that is the debtor's principal residence, within the terms of a Chapter 13 plan [see, 11 U.S.C. § 1322(b)(2)]. There is also now a clear legislative recognition of the concept of the partially secured creditor, that is, one creditor who possesses both a secured claim and an unsecured claim. See, 11 U.S.C. § 506. This statutory framework leads to an inquiry as to whether the new Chapter 13, in fact, prohibits the practice of excluding partially secured creditors from a Chapter 13 plan. While the legisla-

tive history of the Chapter 13 provisions is largely silent on this issue, there was testimony by at least one acknowledged expert in the Chapter 13 field that the new Chapter 13 should authorize payment of all claims within its provisions. See, *Bankruptcy Act Revision: Hearings on H.R. 31 and H.R. 32 Before the Subcomm. on Civil and Constitutional Rights of the House Comm. of the Judiciary*, 94th Cong., 2d Sess. 1427 (1976) (statement of Claude L. Rice). The final version of Chapter 13 expressly excludes no claims from the reach of its provisions and it is quite consistent with the overall concept of the new Bankruptcy Code that *all* matters affecting a bankruptcy proceeding (whether it be under Chapter 7, 9, 11 or 13) be within the jurisdiction of the bankruptcy court. This analysis leads this Court to conclude that all claims should, and perhaps must, be treated within the terms of a proposed plan, unless substantial justification is provided for exclusion of a claim from the plan provisions.

■ Section 1322(a)(3) states that a Chapter 13 plan that classifies claims must provide for equal treatment of each claim in a particular class. The choice of a debtor to pay some claims "inside" the Chapter 13 plan and to pay others "outside" is a classification of claims. Thus, in passing upon confirmation of a plan that proposes payment of some claims "outside" the plan, the Court must apply this mandate of equal treatment.

■ This test acquires even more significance when the disenfranchisement of unsecured claimants in Chapter 13 is considered. A creditor, or class of creditors, dissatisfied with the classification of claims in a Chapter 11 proceeding may opt to vote to reject the provisions of the plan. This option is not available, however, in Chapter 13. The inability of a Chapter 13 claimant holding an unsecured claim to vote to accept or reject a Chapter 13 plan places a greater burden on the Court to scrutinize the classification of claims as chosen by the debtor and confirm only those plans where the classification chosen does not discriminate unfairly against any creditor. While it could be argued that the lack of any objection to confirmation of the Chapter 13 plan by a creditor adversely affected by a discriminatory classification could operate as a waiver of such unfair treatment, this Court believes that the mandatory language of § 1325 prevents confirmation of any plan which, on its face, fails to satisfy one of the six requirements set out in that statute.

■ In the present case the debtor has chosen to classify claims by paying City Loan and Savings outside the plan on one hand, and paying all other creditors inside the plan on the other. The effect of this classification is demonstrated as follows. Had City Loan and Savings been placed inside the provisions of the Chapter 13 plan proposed by this debtor, City Loan would receive payments equal to the value of its collateral, plus the plan percentage applied to the unsecured portion of its claim. In the present case, ignoring for the purposes of this opinion any interest factor which may be applicable, City Loan would receive $1,000, plus 30% of $179.32. This treatment would be consistent with the treatment afforded all creditors under the Chapter 13 plan, that is, payment for the value of any collateral, and payment at the plan percentage for the balance owed. However, under the plan as proposed by this debtor, City Loan is to receive not only the value of its collateral, but 100% of that portion of its claim which may be unsecured. In that sense, City Loan is being "preferred" over other creditors in this proceeding. The classification of City Loan as a claim to be paid outside the plan provides them with better treatment than is provided to those creditors who are inside the plan. Such treatment is unfair to the latter class of creditors.

If the spirit and letter of the provisions of Chapter 13 are to be followed, that is, that all similarly-situated creditors be given equal treatment, then the principle of fairness in the classification of claims must apply to all classification of claims chosen by the debtor.

Since confirmation of a Chapter 13 plan is conditioned upon compliance by the debt-

or with the applicable provisions of Chapter 13, and other provisions of Title 11 [11 U.S.C. § 1325(a)(1)], and this Court has found that the debtor has failed to satisfy the fairness test imposed in connection with the classification of claims, this Court must, therefore, deny confirmation of the plan proposed in this case.

IT IS SO ORDERED.