**In re Leslie P. WEEDEN, Debtor.**

**Bankruptcy No. BK–8000653.**

United States Bankruptcy Court,
D. Rhode Island.

Nov. 7, 1980.

Russell D. Raskin, Providence, R. I., for debtor.

John Boyajian, North Providence, R. I., Trustee.

ORDER DENYING CONFIRMATION

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

This matter is before the court on the Trustee's objection to confirmation of the Debtor's plan filed under Chapter 13 of the Bankruptcy Code. The plan provides for 100 percent payment to all creditors, however, a debt owed to the debtor's sister is proposed to be paid outside of the plan. The payments to the sister on account of that debt are to be forwarded to Industrial National Bank in payment of a loan made to the sister. The bank has a security interest in a motor vehicle purchased with the proceeds of the loan to the sister. The parties are in agreement that the debt owed by the Debtor to her sister is unsecured.

Chapter 13 requires that similarly situated creditors be treated equally. Any division of claims into different classes requires that the court scrutinize the classification for fairness. 11 U.S.C. § 1322(b)(1). The fact that an unsecured creditor is unable to vote to accept or reject a Chapter 13 plan requires that the court confirm only those plans which do not discriminate unfairly against any creditor. *In re Blevins*, 1 B.R. 442, 5 B.C.D. 1054, 1056 (Bkrtcy.S.D. Ohio 1979). In this case, sufficient justification for treating one unsecured creditor differently than the others has not been shown.

Accordingly, confirmation of the Chapter 13 plan proposed by Leslie P. Weeden should be denied, and

IT IS SO ORDERED.