**In the Matter of Hubert W. VANLEEUWEEN, Dorothy J. Vanleeuween, Debtors.**

**Bankruptcy No. 3–81–02100.**

United States Bankruptcy Court, S. D. Ohio, W. D.

Jan. 12, 1982.

Eugene J. Jablinski, Dayton, Ohio, for Debtor/Defendants.

George W. Ledford, Trustee, Englewood, Ohio.

## DECISION AND ORDER

CHARLES A. ANDERSON, Bankruptcy Judge.

### STATEMENT OF FACTS

The material facts have been stipulated as follows:

Hubert W. Vanleeuween, in October of 1980, and for at least (15) years prior to that date, was employed by the office of his brother, Donald Vanleeuween, who now does business as Chicago Title. Prior to three (3) years before the filing of these proceedings, the real estate title business was most lucrative, and most active, with said debtor receiving substantial commissions and salaries, with further help being afforded to said debtor by the employment of his wife, Dorothy J. Vanleeuween, on a part-time basis.

Beginning approximately three (3) years ago, the real estate market became depressed, with a lessening of business for title examinations and reports, and the subsequent reduction in income by Debtor, Hubert W. Vanleeuween.

Said debtor, because of his former standard of living found himself inundated with debts. He secured from the Third National Bank & Trust Company and First National Bank & Trust Company loans on ninety (90) day notes, in hopes that the real estate market would recover, and his income would increase. Unfortunately, this did not occur. Because of his financial problems, his employer, Donald Vanleeuween, could certainly see, and did see, an effect on his productivity. A conference was held between the debtor and his employer regarding the financial obligations besetting said debtor. An arrangement was made between Donald Vanleeuween and said Debtor, to secure from the Third National Bank an additional sum of money to liquidate certain debts, to bring certain debts current, and to maintain an office arrangement whereby creditors of debtor would be paid in an orderly fashion.

The Third National Bank would not accord to Hubert W. Vanleeuween additional monies to effect such an office composition of debts, unless his employer would guarantee payment of said obligation. Being assured of the security of the debtor's employment, said employer did guarantee said note with the Third National Bank and Trust Company of Dayton, Ohio.

From the funds received from the Third National Bank and Trust Company, all payments to creditors of said debtor, as above set forth, were through the office of the employer, Donald Vanleeuween; and, none of the monies were received by the said debtor. Subsequent thereto, monies were withheld from said debtor's pay to liquidate the obligation to the Third National Bank together with additional debts that had accumulated.

The real estate market became further depressed, and the earnings of said debtor were not improved, actually even further reduced. The debtor's wife was no longer employed; and, with inflation, expenses increased until the composition arranged through said debtor's employer became untenable and impossible, with creditors constantly calling said employer and said debtor, and the institution of collection suits.

It was at this time that said Debtor sought legal counsel, and the petition for relief under Chapter 13 was filed, on August 4, 1981.

The employer's guarantee was given without security, and primarily based upon the past work record and contemplated future earning capacity.

The schedules indicate that the balance due on the Third National Bank loan was in the amount of $19,022.94. In addition to this debt, the Debtor lists other unsecured debts in the amount of $20,107.17, including a loan consolidation note to the Bellbrook Community Bank in the amount of $10,778.32 and a personal note from Charles E. Hart, Jr., in the amount of $5,220.00.

The Debtors' assets consist only of two motor vehicles, with only nominal value; household goods and furnishings valued at

$2,000.00; and, nominal values in a checking account and a private club.

The Debtor lists income of $17,700.00 gross for the last calendar year and his wife lists no income.

The proposed Chapter 13 Plan contemplates monthly payments to the Trustee in the amount of $550.00 each for a period of sixty months. The proposed distribution is $475.54 monthly to The Third National Bank and the balance of the payments to the other unsecured creditors prorated as funds are available, totalling about 20% of the total claims.

On August 20, 1981, the Trustee filed an objection to the confirmation of the proposed plan on the grounds that the Plan fails to comply with 11 U.S.C. § 1325(a)(1) and 11 U.S.C. § 1322(a)(3) because of the priority payments in full to Third National Bank in the amount of $475.54 per month on an unsecured claim, but only 20% to the remaining unsecured claims.

At the hearing on confirmation, on 8 September 1981, the Trustee refused to recommend the Plan for confirmation based upon his filed objections, although there is no doubt that the unsecured creditors would receive no payments for distribution whatever if the debtors converted their plan to a Chapter 7 proceedings.

The parties have submitted the matter to the Court for determination without citations of legal authorities and case precedents.

### DECISION

The proposed plan of Debtor places one unsecured claim in a special priority status because his brother and employer had guaranteed payments.

A classification of unsecured claims was not permitted under Chapter XIII of the Bankruptcy Act. The Code specifically provides in 11 U.S.C. § 1322(b) that, "Subject to subsections (a) and (3) of this section, the plan may—(1) designate a class or classes of unsecured claims, as provided in Section 1122 of this title, but may not discriminate unfairly against any class so designat-ed. . . ." Section 1322(a)(3) further requires that a plan that classifies claims must "provide the same treatment for each claim within a particular class."

In light of several well-reasoned decisions which have in effect concluded that creditors cannot be "preferred" by the method of placing creditors into different classes, the standing Chapter 13 Trustee feels constrained to scrutinize all plans which place creditors ostensibly of the same class into separate classes.

It is the opinion of this Court nevertheless, that disparate distribution of future earnings by a Chapter 13 debtor is not *ipso facto* "unfair discrimination." So to construe Section 1322(b)(1) would nullify the section and principles derived in codifying Chapter XI case precedents. If the Plan conforms to the requirements for confirmation derived from 11 U.S.C. §§ 1324 and 1325, particularly if the "value" distributed is not less than the amount that would be paid if the estate of the debtor were liquidated under Chapter 7 and the Plan has been proposed in good faith, the quantity may be varied in distribution to unsecured creditors.

Looking to the plan *instanter*, the Plan does not unfairly discriminate by deferring payments to one class of unsecured creditors, but distributes the *aliquot* shares simultaneously. The debtor, in fact, demonstrates generous good faith to all unsecured creditors. For the privilege of employing the Chapter 13 process, he is attempting to pay unsecured creditors at least 20% of their claims from future earnings when a Chapter 7 administration would pay them nothing. The "preference" demonstrated to a guarantor-brother (and employer) is not evidence of either unfair discrimination or bad faith. On the contrary, this creditor is the employer, from whom all future dividends will originate. Even if this employer were not his brother, the special circumstances of preserving a good relationship with the veritable source of the distribution in the best interests of all creditors justifies the separate classes. Hence, the formation of separate classes may well

muster statutory compliance on the facts even though granted special consideration.

We are constrained to believe, therefore, that "unfair discrimination" and "equal" distributions to similar creditors are not synonymous as concluded in *In Re Blevins*, 1 B.R. 442, 5 B.C.D. 1054 (Bkrtcy.S.D.Ohio 1979) and *In re Weeden*, 7 B.R. 106, 6 B.C.D. 1309 (Bkrtcy.).

ORDERED, ADJUDGED AND DE-CREED, that the Plan now *sub judice* is in the best interest of all unsecured creditors and should be and is hereby *confirmed*.