**In re Johnny Ray FRESHLEY, Debtor.**

**Bankruptcy No. A86–00867–SWC.**

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Jan. 14, 1987.

## ORDER

STACEY W. COTTON, Bankruptcy Judge.

Before the Court is the Chapter 13 trustee's objection to confirmation of plan, filed March 13, 1986, on grounds of bad faith, pursuant to 11 U.S.C. Section 1322(b)(1). Debtor's proposed composition plan, filed February 5, 1986, classifies unsecured creditors into two (2) classes. One class consists of ten (10) unsecured creditors which the plan proposes to pay 1%. The second class consists of one unsecured claim for a student loan owed to Morehouse College which the plan proposes to pay 100%. This is the only unsecured creditor receiving such special classification. Morehouse College filed a proof of claim for $2,258.00. Debtor's schedules list ten other unsecured creditors with claims totalling $5,314.53.

## CONCLUSIONS OF LAW

The trustee objects to the proposed plan on the grounds that the proposed classification unfairly discriminates against other unsecured creditors. The right of a debtor to classify claims is treated under 11 U.S.C. Section 1322(b)(1) which provides that pursuant to subsections (a) and (c) "the plan may—(1) designate a class or classes of unsecured claims, as provided [in Chapter 11] in Section 1122 of this title, but may not *discriminate unfairly* against any class so designated...." (emphasis supplied). Section 1122(a) states that subject to subsection (b) "a plan may place a claim or an interest in a particular class only if such claim or interest is substantially similar to the other claims or interests of such class." In addition, Section 1322(a)(3) requires that if claims are classified by a plan, each claim within a particular class must be treated the same.

■ In assessing whether a classification is unfairly discriminatory courts have generally used the following factors: (1) whether the discrimination has a reasonable basis; (2) whether the classification is necessary to the debtor's rehabilitation under Chapter 13; (3) whether the discrimination is proposed in good faith; and (4) the treatment of the class discriminated against, whether the degree of differential treatment is directly related to the basis for the discrimination demand. *In re Gibson*, 45 B.R. 783, 788 (Bankr.N.D.Ga.1985); *Amfac Distrib. Corp. v. Wolff (In re Wolff)*, 22 B.R. 510 (Bankr.App.Panel 9th Cir.1982). The burden to prove that the classification of unsecured claims does not unfairly discriminate rests on the debtor. *In re Bowles*, 48 B.R. 502, 506–07 (Bankr. E.D.Va.1985); *Gibson, supra*, at 788; *Wolff, supra*, at 512.

This Court follows the reasoning of other courts that application of Section 1322(b)(1) rests within the sound discretion of the bankruptcy court and that the determination of unfair discrimination is to be made on a case-by-case basis. This interpretation provides a flexible standard whereby the Court determines what is equitable based on the particular facts in each case. *Bowles, supra*, 48 B.R. at 507–08. Use of the above factors will help to insure consistent application of a flexible standard by providing a framework for Section 1322(b)(1) analysis.

Applying these criteria to the present case, debtor argues that he has a reasonable basis for the classification because student loans are identifiable as a class as demonstrated by Congress in Section 523(a)(8). Debtor also contends that without the discrimination, even if he continued payments for five years instead of thirty-six months as proposed, unsecured creditors would be paid only forty percent of their respective debts. Another reason offered by debtor is his need to "get back in

the good graces of the college, and return there ... to obtain a college degree." Debtor's Brief P. 1.

The trustee argues, however, that the proposed classification is without reasonable basis and is unfair and cites *In re Bowles, supra. See also In re Stewart,* 52 B.R. 281 (Bankr.W.D.N.Y.1985); *In re Gunn,* 37 B.R. 432 (Bankr.D.Qr.1984). In *Bowles, supra,* the court denied confirmation of a plan in which a debtor placed one creditor, whose debt was based on an order of restitution pursuant to a state criminal proceeding, in its own class. The debtor proposed to pay this claim in full while proposing to pay all other unsecured claimants 20% of their allowed claims. The debtor attempted to justify the discrimination on the grounds that if restitution were not made, the debtor would receive a jail sentence. 48 B.R. at 505. That court held that such a reason for preferring one unsecured creditor over another still does not provide a valid basis for such a distinction among creditors. 48 B.R. at 508.

 The trustee maintains that debtor's separate classification of Morehouse College is improperly based on the identity of the creditor and not the nature of its claim. The Court recognizes that valid classifications require more than the personal preference of a debtor. *In re Hosler,* 12 B.R. 395 (Bankr.S.D.Ohio 1981). In the present case, however, the Court finds that the separate classification of debtor's student loan reflects more than personal preference because of the special treatment accorded educational loans by Congress. Although certain student loans are dischargeable in Chapter 13 composition plans, they are likely to be nondischargeable in Chapter 7. *In re Reese,* 38 B.R. 681 (Bankr.N.D.Ga.1984). This special treatment is demonstrated by Section 523(a)(8) which excepts from discharge educational loans "made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or a nonprofit institution." There is an exception to this prohibition but it requires such loans to have been due and owing for five

years. This prohibition from discharge evidences the strong public policy of insuring the repayment of these loans in order to maintain the vitality of the government's guaranteed student loan programs. Accordingly this Court concludes that the proposed separate classification of the Morehouse College debt has a reasonable basis.

The Court also finds and concludes that debtor's proposed plan and classifications are necessary to the debtor's rehabilitation under Chapter 13. The debtor represents that by paying his student loan, he will be able to return to school and earn a degree. This Court is persuaded that the underlying policy choices of Congress to encourage repayment of student loans provides sufficient basis for the debtor's separate classification of this educational loan. Such separate classification does not unfairly discriminate against other classes of unsecured creditors.

The Court further finds, however, that the present record is not adequate to allow an examination of debtor's good faith in view of the factors discussed in *In re Kitchens,* 702 F.2d 885 (11th Cir.1983). Accordingly, this matter will be rescheduled for hearing on the good faith issues.

IT IS SO ORDERED.