In re Ronald GASKIN and Florette Diane Gaskin, aka Florette Diane Lockridge, Debtors.

Bankruptcy No. 87–81278.

United States Bankruptcy Court, C.D. Illinois.

Nov. 4, 1987.

Ray Choudhry, Moline, Ill., for debtors.

Richard Bowers, Rock Island, Ill., trustee.

## DECISION AND ORDER

WILLIAM V. ALTENBERGER, Bankruptcy Judge.

Before the Court is the confirmation of the Debtors' Chapter 13 plan.

The Debtors, Ronald and Florette Gaskins, first filed a Chapter 7 petition on January 9, 1987. The Debtors received a discharge on April 28, 1987. Reaffirmation agreements were entered into with General Motors Acceptance Corporation and Beneficial of Illinois, Inc.

On May 27, 1987, the Debtors filed their petition for relief under Chapter 13. The only debt which the Debtors propose to pay through or "inside" the plan is the arrearage on their home mortgage. The Debtors' Chapter 13 schedules also list the following secured debts which the Debtors propose to pay "outside" the plan:

| Creditor | Amount |
| --- | --- |
| General Motors Acceptance Corp. | $15,344.70 |
| Credit Thrift | 2,323.58 |
| Blazer Finance | 1,261.66 |
| Beneficial Finance | 1,776.74 |

There are no unsecured debts.

The Trustee objected to the plan, contending that the secured claims should be provided for in the plan. The Debtors, seeking to avoid Trustee's fees, argue that secured claims need not be paid through the plan.

In *Matter of Foster*, 670 F.2d 478 (5th Cir.1982), the Fifth Circuit Court of Appeals discussed the confusion concerning the terms "inside the plan" and "outside the plan." A secured claim is dealt with "outside the plan" where the debtor does not seek to modify or in any way affect the security interest of the claimant.[1] Relying on *Collier* the court concluded that certain *fully* secured claims may in some instances be treated outside of a Chapter 13 plan.

This Court need not decide here whether it concurs with the court's determination in *Foster* that fully secured claims may be paid outside a Chapter 13 plan, and, if so, under what circumstances a debtor may be permitted to do so.[2] In the present case, not all of the secured claims which the Debtors seek to deal with "outside the

---

1. As the court noted in *Foster,* apart from the question of whether a claim is being paid "outside the plan" is the separate issue of whether the debtor may act as disbursing agent of payments made "inside the plan."

2. Although this Court, in an earlier opinion in a Chapter 12 case, stated that secured claims may be paid outside the plan, citing *Foster,* that case involved the determination of whether the secured creditor's claim was in fact being paid "outside the plan." *In re Lenz,* 74 B.R. 413 (Bkrtcy.C.D.Ill.1987). This Court held that, merely because the Chapter 12 debtor was making the payments directly to the secured creditor, did not mean that the claim was being dealt with "outside the plan" and therefore could not be modified.

plan" are fully secured. For instance, General Motors Acceptance Corp. has filed a claim for $14,349.50, listing the value of the collateral as $8,575.00. In addition, although the claim filed by Blazer Financial Services, Inc., in the amount of $1,048.67 lists the value of the security to be $1,113.62, the Debtors' schedules list the value of the collateral at $100.00.

The court in *In re Blevins*, 1 B.R. 442 (Bkrtcy.S.D.Ohio 1979), held that a debtor could not elect to pay a partially secured creditor, in full, outside the plan. The court relied in part upon the provisions of Chapter 13 which require equal treatment of similarly situated creditors, noting the disparate treatment as between the unsecured creditors provided for by the plan and the unsecured portion of the partially secured claim being paid outside the plan.[3] The court concluded that "all claims should, and perhaps must, be treated within the terms of a proposed plan, unless substantial justification is provided for exclusion of a claim from the plan provisions."

This Court agrees with the court in *Blevins*. The dual goals of Chapter 13 are rehabilitation and repayment. *In re Perez*, 20 B.R. 879 (Bkrtcy.E.D.N.Y.1982). The legislative history provides:

> "The purpose of Chapter 13 is to enable an individual *under court supervision and protection,* to develop and perform under a plan for the repayment of debts over an extended period. In some cases, the plan will call for full repayment. In others, it may offer creditors a percentage of their claims in full settlement."

House Report No. 95–595, 95th Cong. 1st Sess. 118 (1977), U.S.Code Cong. & Admin. News 1978, pp. 5787, 6079. (Emphasis added.) Despite the reversal by the Court of Appeals, this Court shares some of the concerns expressed by the bankruptcy court in *In re Foster*, 9 B.R. 482 (1981), regarding a debtor's failure to include all debts in a Chapter 13 plan:

> "First and foremost is that the court's supervision of the plan is jeopardized. Second, in the event the debtor defaults on outside payments, the creditor would have two options: Proceeding against the debtor in state court, which could create havoc with the delicate balance of budget and plan payments that forms a plan, or seeking enforcement in the bankruptcy court on an obligation which is arguably no longer within that court's jurisdiction. Third, trustees may even be entitled to a fee on payments outside the plan.... Finally, the court's ability to assess and confirm a Chapter 13 plan is hampered if debtors are allowed not only to deal with creditors outside the plan, but effectively shield from the court's scrutiny the status or even continued existence of the relationship."

The only justification the Debtors offer here for proposing to pay the "secured" creditors outside the plan is to minimize the statutory Chapter 13 Trustee's fee. That is not sufficient in this Court's view. Moreover, this Court has consistently applied a 10% Trustee's fee in Chapter 13 cases and is not inclined to make any adjustment here. If a debtor avails himself of the benefits of Chapter 13, he must pay the attendant costs.

For the foregoing reasons, confirmation of the Debtors' Chapter 13 plan is DENIED.

---

**3.** However, in a companion case to *Blevins, In re Tatum,* 1 B.R. 445 (Bkrtcy.S.D.Ohio 1979), the same bankruptcy judge applied the rule to a 100% plan, stating:
> "Even in the context of an extension plan, which calls for the full payment of all claims, the placement of unsecured claims in different classes requires court scrutiny on the fairness issue. No rational justification has been advanced by this debtor as to why certain unsecured claims should be outside the ambit of the Chapter 13 plan, and others should be inside."