**In re Christina Marie GENEREUX, Debtor.**

**No. 91–34840.**

United States Bankruptcy Court, W.D. Washington.

Feb. 28, 1992.

---

George Peter Rose, Tacoma, Wash., for debtor.

Paul B. Snyder, McGavick Graves, Tacoma, Wash., for Chapter 13 Trustee.

### DECISION AND ORDER ON TRUSTEE'S OBJECTION TO CONFIRMATION

PHILIP H. BRANDT, Bankruptcy Judge.

#### I. *Background*

As a result of a work and stress related injury which substantially decreased her earnings in the summer of 1991, Debtor filed her Petition under Chapter 13 on 19 November 1991. She continues to be employed, but is no longer able to work substantial overtime.

---

Genereux has two secured creditors: Seattle–First National Bank, with a lien on her mobile home, and U.S. National Bank of Washington, with a lien on her 1989 Chevrolet S–10 pickup truck. Seafirst was scheduled as fully secured, and U.S. Bank as unsecured to the extent of $165.00 (truck value: $5,000; obligation: $5,165). Although the plan as submitted called for the Trustee to make payments to U.S. Bank, Debtor's counsel indicates that was a procedural mistake, and Debtor proposes to pay U.S. Bank directly, asserting that she was not, and had never been, delinquent on that obligation. The Trustee objected.

Prior to hearing on the Objection, Debtor submitted a Certificate from the assistant used car manager of a local Chevrolet dealer certifying that her vehicle was worth $5,999, almost $1,000 more than the U.S. Bank lien.

## II. *Issue*

May a Chapter 13 debtor pay a creditor fully secured in personal property outside the plan?

## III. *Contentions*

Relying on the $5,000 scheduled value of the truck, and the (unstated but presumably similar or lesser) NADA Blue Book value, the Trustee's Objection starts with the premise that U.S. Bank is undersecured, and that Debtor's proposal to pay that obligation in full outside the plan violates the equal treatment requirement of Bankruptcy Code § 1322(a)(3).[1]

The Trustee goes on to argue that he should have the sole responsibility to disburse to creditors with security interests in Debtor's personal property, citing *In re Gaskin*, 79 B.R. 388 (Bkrtcy., C.D.Ill., 1987), *In re Jutila*, 111 B.R. 621 (Bkrtcy., W.D. Mi., 1989), and *Matter of Foster*, 670 F.2d 478 (5th Cir.1982). He asserts that such a procedure furthers Chapter 13's goals of rehabilitation and repayment, and enables him more effectively to monitor Debtor's performance under the plan. Additionally, the Trustee submits a contrary holding would impose on him the substantial burden of valuing of every item of personal property collateral in each Chapter 13 case to determine whether each creditor is fully secured or not, in order to analyze whether each proposed plan meets the equal treatment and proper classification requirements of § 1322(a)(3) and (b)(1).

Debtor's response is that U.S. Bank is fully secured, and that there is therefore no disparate treatment of unsecured claims. She acknowledges that Trustee disbursement may further the rehabilitative and repayment goals in a Chapter 13 resulting from a debtor's improvident behavior, but believes that consideration inappropriate in her situation, and wishes to avoid the Trustee's fee (7.5%, $32.85 per month) on the truck payment.

The Trustee counters by reiterating the practical problems inherent in his having to value all personal property collateral, and points out that those questions will sometimes require court determination. He also observes that debtors receive benefits from the Chapter 13 system, and ought to be required to pay their fair shares of maintaining that system.

## IV. *Discussion*

In view of the evidence submitted by Debtor, I find the pickup's value exceeds the secured obligation; thus, the arguments premised on U.S. Bank as an undersecured creditor are inapposite. The issue stated above remains.

The Bankruptcy Court for the Western District of Michigan, after observing debtors have no absolute right to make direct payments, set out non-exclusive factors to be considered:

... in determining whether a direct payment may be permitted pursuant to a Chapter 12 plan:

1. The past history of the debtor;
2. the business acumen of the debtor;
3. the debtor's post-filing compliance with statutory and court-imposed duties;
4. the good faith of the debtor;

---

**1.** 11 U.S.C.: references to "§", "section", or "chapter", without more, are to the Bankruptcy Code.

5. the ability of the debtor to achieve meaningful reorganization absent direct payments;

6. the plan treatment of each creditor to which a direct payment is proposed to be made;

7. the consent, or lack thereof, by the affected creditor to the proposed plan treatment;

8. the legal sophistication, incentive and ability of the affected creditor to monitor compliance;

9. the ability of the trustee and the court to monitor future direct payments;

10. the potential burden on the Chapter 12 trustee;

11. the possible effect upon the trustee's salary or funding the U.S. Trustee system;

12. the potential for abuse of the bankruptcy system;

13. the existence of other unique or special circumstances.

[footnotes omitted] *Matter of Pianowski*, 92 B.R. 225, 233–234 (Bkrtcy., W.D.Mich.1988)

Chapter 13's structure is similar to Chapter 12's, and a shortened version of this list was adopted in a Chapter 13 decision approving direct payment of secured creditors out of a real estate closing. *In re Bettger*, 105 B.R. 607 (Bkrtcy., D.Or.1989).

Applying the *Pianowski* factors in this case, 1 through 8 do not point either way. Regarding factor 9, the Trustee would need to make special arrangements to monitor Debtor's payments, although her history does not suggest any likely problem. Factors 9 and 10 raise the most concerns: monitoring Genereux's payments will impose some additional burden on the Trustee; monitoring potentially hundreds of debtors' direct payments would necessitate a substantial effort. The burden of valuing all personal property collateral in hundreds of Chapter 13's would be great, as would the potential for abuse (factor 12) because of the difficulties the Trustee would have in the monitoring and valuation processes. Finally, regarding factor 11, allowing payments outside plans on any large scale would directly affect the source of the Trustee's compensation, and might indirectly affect the U.S. Trustee's funding. 28 U.S.C. § 586(e).

I am not persuaded that the Debtor's interest in avoiding the Trustee's fee outweighs the interest of debtors (and creditors) generally in an effective and efficient Chapter 13 system. I agree with Judge Minahan:

> Monthly or periodic payments to be made under a Chapter 13 plan must generally be made through the trustee. [Debtor's] primary residence does not secure any of the claims. The only reason submitted for permitting direct payment by the debtor is that the direct payment would not be subject to the trustee's fee. This is an insufficient reason with respect to the claims involving *monthly* or *periodic* payments. [emphasis in original] *Matter of Harris*, 107 B.R. 204, 209 (Bkrtcy., D.Neb.1989).

## V. *Order*

The Trustee's objection is sustained.