**In re Landon Len GREGG, Pamela Carol Gregg, Debtors.**

**Bankruptcy No. 94–40983.**

United States Bankruptcy Court,
E.D. Texas,
Sherman Division.

April 7, 1995.

Robert E. Barron, Nederland, TX, for debtors.

David Long, Tyler, TX, Staff Atty., for Chapter 13 Trustee.

## OPINION

DONALD R. SHARP, Bankruptcy Judge.

NOW before the Court for confirmation is Debtors' First Amended Chapter 13 Plan ("Plan"). This opinion constitutes the Court's findings of fact and conclusions of law to the extent required by Fed.R.Bankr. Proc. 7052 and disposes of all issues before the Court.

### FACTUAL AND PROCEDURAL BACKGROUND

The Plan provides for 100% payment of three government insured student loans over a period of 43 months beginning July 20, 1995. These loans are held by Ameritrust Texas, Devry, Inc., and Edu Serv.

Texas Guaranteed Student Loan Corp. ("TGSLC") also holds a government insured student loan which is not specifically dealt with by the Plan. All the student loans have been outstanding for less than seven years.

All other unsecured creditors are expected to receive a projected dividend of .74%.

The Chapter 13 Trustee ("Trustee") objects to confirmation on the grounds that the Plan proposes to discriminate by not treating special class unsecured claims alike as required by 11 U.S.C. §§ 1322(a)(3) and (b)(1).

### DISCUSSION OF LAW

A Chapter 13 plan may designate a class or classes of unsecured claims, as provided in section 1122 of this title, but may not discriminate unfairly against any class so designated. 11 U.S.C. § 1322(b)(1). Further, if the plan classifies claims, it shall provide the same treatment for each claim within a particular class. 11 U.S.C. § 1322(a)(3).

Therefore, the Court must first determine whether the Plan impermissibly classifies claims. Next, the Court must determine whether such classification results in impermissible discrimination either within the class or between classes of claims.

### CLASSIFICATION

■ The Trustee asserts that all the student loans must be combined into one class and treated alike because the claims are of substantially similar character.

Debtor asserts that he may put each individual student loan into a separate class, and, therefore, treat each one differently.

■ Debtor can classify unsecured claims as provided under 11 U.S.C. § 1122:

(a) Except as provided in subsection (b) of this section, a plan may place a claim or an interest in a particular class only if such claim or interest is substantially similar to the other claims or interests of such class.

(b) A plan may designate a separate class of claims consisting only of every unsecured claim that is less than or reduced to an amount that the court approves as reasonable and necessary for administrative convenience.

§ 1122(a) specifies that only claims which are "substantially similar" may be placed in the same class. It does not require that similar claims *must* be grouped together, but merely that any group created must be homogeneous. *In re U.S. Truck Co., Inc.*, 800 F.2d 581, 585 (6th Cir.1986).

■ However, a debtor's ability to separately classify similar claims is not unlimited. In a Chapter 11 case such classification may only be undertaken for reasons independent of debtor's motivation to secure the vote of an impaired, assenting class of claims. *Matter of Greystone III Joint Venture*, 995 F.2d

1274, 1279 (5th Cir.1991), *cert. denied,* —— U.S. ——, 113 S.Ct. 72, 121 L.Ed.2d 37 (1992). In a Chapter 13 case such classification cannot result in unfair discrimination. 11 U.S.C. § 1322(b)(1).

Therefore, Debtor is not per se prohibited from putting each individual student loan into a separate class; however, such classification cannot result in unfair discrimination.

## DISCRIMINATION

■ In assessing whether a classification is unfairly discriminatory courts have generally used the following factors: (1) whether the discrimination has a reasonable basis; (2) whether the classification is necessary to the debtor's rehabilitation under Chapter 13; (3) whether the discrimination is proposed in good faith; and (4) the treatment of the class discriminated against, whether the degree of differential treatment is directly related to the basis for the discrimination demand. *In re Freshley,* 69 B.R. 96, 97 (Bkrtcy.N.D.Ga. 1987). The burden to prove that the classification of unsecured claims does not unfairly discriminate rests on the debtor. *Id.*

### A. *General Unsecured Creditors*

■ The Court should first determine whether creating a separate class for student loans, affording special treatment for those claims, results in impermissible discrimination against the other unsecured claims. Under the proposed classification scheme student loan claims treated by the Plan will be paid 100% while the other unsecured creditors will only be paid .74%.

Using the above test, courts have allowed the separate classification of debts which are nondischargeable, reasoning that Congress itself has indicated a policy choice to distinguish such debts. More specifically, the court in *Freshley* held that a separate classification for student loans did not unfairly discriminate against other classes of unsecured creditors. *Freshley,* 69 B.R. at 98.

All of the student loans in this case are nondischargeable under 11 U.S.C. § 523. Therefore, a separate classification for these claims does not unfairly discriminate against the other unsecured creditors.

### B. *TGSLC*

■ However, this Court is not faced with the simple case where a group of student loan claims are being treated differently from the rest of the unsecured claims. TGSLC is being treated differently from the rest of the student loan claims. From the evidence, it is difficult to determine which claims are being discriminated against.

The Court was presented with no evidence to determine whether TGSLC was being paid in full outside the Plan. If TGSLC is being paid outside the Plan, then the other student loan claimants are being discriminated against. Several courts have held that treatment of some unsecured claims outside a plan while treating others under a plan amounts to discriminatory classification, and that, therefore, unsecured claims may not be so treated, where such treatment is not justified under the "fairness" test referenced above. *In re Dziedzic,* 9 B.R. 424 (Bkrtcy. S.D.Tex.1981); *In re Weeden,* 7 B.R. 106 (Bkrtcy.D.R.I.1980); *In re Crago,* 4 B.R. 483 (Bkrtcy.S.D.Ohio 1980); *In re Tatum,* 1 B.R. 445 (Bkrtcy.S.D.Ohio 1979).

If TGSLC is not being paid directly outside the Plan, then TGSLC is being discriminated against. The other student loan claims are being paid 100% through the Plan. There is no specific provision for TGSLC. TGSLC has filed a proof of claim and was scheduled by the Debtor. Consequently, TGSLC falls into the class of unsecured creditors receiving a .74% dividend. TGSLC will be left with an unpaid, nondischargeable claim while the rest of the student loan claimants are paid in full.

■ In either case, the Trustee has clearly demonstrated that some claims are being discriminated against. It is the Debtor's burden to prove whether this is permissible discrimination under the "fairness" test. That is, whether there is some reasonable justification for the discrimination.

■ Debtor has failed to provide the Court with any reasonable basis for treating TGSLC differently from the rest of the student loan claims. Debtor has provided no evidence to show that Debtors' ability to complete the Plan is dependent upon the

discriminatory classification. The Court has insufficient evidence to determine whether the discriminatory classification was proposed in good faith. Finally, since the Court is not aware of the basis for the discriminatory classification, the Court cannot determine whether the degree of differential treatment is related to the basis for the discrimination demand.

In short, Debtor has failed to meet its burden to show that the classification scheme does not unfairly discriminate. Consequently, the Court must find that the Plan unfairly discriminates against a class of unsecured creditors. It is therefore

ORDERED that confirmation of the Plan is hereby DENIED.