**In re Nohora M. BERNAL, Debtor.**

**Bankruptcy No. 95–06779–B13.**

United States Bankruptcy Court,
S.D. California.

Nov. 14, 1995.

Don E. Bokovoy, Weintraub & Bokovoy, San Diego, CA, for Debtor.

Michael Koch, Office of Chapter 13 Trustee, San Diego, CA, for Chapter 13 Trustee.

Geoffrey E. Marr, Treadwell, Marr & Schott, San Diego, CA, for Estate of Gustavo Bernal.

## MEMORANDUM DECISION

PETER W. BOWIE, Bankruptcy Judge.

The debtor, Nohora M. Bernal, (the "Debtor"), has proposed a Chapter 13 plan which classifies her nondischargeable student loan obligations separately from her other unsecured debts. The plan, as recently modified by the Debtor, provides for 100% payment on the student loans and 25% payment on the other unsecured claims over five years. An unsecured creditor, citing the recent Bankruptcy Appellate Panel case *In re Sperna*, 173 B.R. 654 (9th Cir. BAP 1994), objects to the plan on the ground that the separate classification, and dissimilar treatment, constitute unfair discrimination. The Debtor has tried to justify the proposed plan by arguing that the five-year plan proposes to pay unsecured creditors more than they would receive under a three-year plan that did not discriminate.

This Court has jurisdiction to determine this matter pursuant to 28 U.S.C. §§ 157(b)(1) and 1334 and General Order No. 312–D of the United States District Court for the Southern District of California. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L).

### FACTS

On June 28, 1995 the Debtor filed a petition commencing the pending Chapter 13 case. The plan initially proposed by the Debtor would pay unsecured creditors 15% of their allowed claims while paying 100% to holders of nondischargeable student loan claims. Gustavo and Cindy Bernal, as co-executors of the estate of Gustavo Bernal,

filed an opposition to confirmation on the ground that the separate classification, and different treatment, constitute unfair discrimination. In response to the opposition the Debtor agreed to modify her plan to provide payment of 25% to unsecured claimants over five years. The estate maintains its opposition.

### ANALYSIS

■ Bankruptcy Code § 1322(b)(1) permits a debtor to establish separate classes of claims so long as the plan does not discriminate unfairly. A plan may thus discriminate but it may not do so unfairly. *Sperna*, 173 B.R. at 658. In *In re Wolff*, 22 B.R. 510 (9th Cir. BAP 1982) the BAP first interpreted unfair discrimination under § 1322(b)(1). The BAP considered various approaches and ultimately adopted a test created in *In re Kovich*, 4 B.R. 403 (Bankr.W.D.Mich.1980), and refined in *In re Dziedzic*, 9 B.R. 424 (Bankr.S.D.Tex.1981):

> The test is (1) whether the discrimination has a reasonable basis; (2) whether the debtor can carry out a plan without the discrimination; (3) whether the discrimination is proposed in good faith; and (4) whether the degree of discrimination is directly related to the basis or rationale for the discrimination.

*Wolff*, 22 B.R. at 512. This test has been widely applied and has come to be known as the *"Wolff* Test." *Sperna*, 173 B.R. at 658.

■ The Debtor argues, based upon her schedules, that she is currently insolvent: That if this case were a liquidation case under Chapter 7 unsecured creditors would receive nothing. This potentiality, the Debtor argues, should render "fair" any plan through which the unsecured creditors receive anything. This argument was posited to the BAP in *Wolff* and rejected. The debtor in *Wolff* cited *In re Sutherland*, 3 B.R. 420 (Bankr.W.D.Ark.1980), in which the court adopted the blanket rule that if creditors received more than they would in a liqui-

dation then there could be no unfair discrimination. *Sutherland*, 3 B.R. at 422. The BAP declined to follow this approach in favor of the test of *Kovich* and *Dziedzic*. Obviously, then, the fact that unsecured creditors would receive nothing in a Chapter 7, standing alone, does not satisfy the *Wolff* Test.

■ The court in *In re Wolff*, 22 B.R. 510, 512 (9th Cir. BAP 1982) held that the plan proponent, usually the debtor, has the burden of proof on the plan's confirmability. Where the plan proposes to discriminate, the proponent must prove each of the elements of the *Wolff* test. In the instant case, the debtor offers two arguments. First, as already discussed, the general unsecured creditors would receive more than they would in a Chapter 7. Second, the debtor argues a variation on the same theme. Instead of the Chapter 7, the debtor compares her proposed plan to the least favorable Chapter 13 plan she could propose. The Debtor argues that if she were to make the monthly payments provided in her five-year plan ($500) over the course of a three-year plan which treated all unsecured creditors equally, the unsecured creditors would receive only 19% of their claims. Since she is voluntarily stretching her plan to five years unsecured creditors will receive 25% even with the proposed disparate treatment. This greater payment to unsecured creditors than is absolutely necessary, argues the Debtor, should automatically result in a finding that the plan does not discriminate unfairly.

■ This Court does not see a qualitative distinction between this rationale and the *Sutherland* holding which was rejected in *Wolff*. In both instances the debtor is arguing that since she could get away with treating the unsecured creditors more shabbily, whether by liquidating under Chapter 7 or by proposing a three-year plan, the plan does not discriminate unfairly. The argument is essentially the same as that rejected by the BAP in *Wolff*.[1]

---

1. Even if the Court were to agree with the rationale of the Debtor's argument it is not convinced, based upon the record before it, that unsecured creditors are receiving more under the five-year plan than they would under a three-year plan.

Nineteen percent over three years may actually be more valuable than 25% over five years. The Debtor would have to provide present value analysis showing that the unsecureds were actually receiving more.

■ But even if the argument advanced by the debtor were tenable, it does not meet each of the elements of the *Wolff* test. The debtor has proffered no evidence of whether she could carry out a plan without discrimination, or whether the degree of discrimination is directly related to the basis or rationale for the discrimination. Nor is it clear that the discrimination is proposed in good faith when debtor provides no details about the status of her student loans. She has not disclosed whether the loans are in default, whether extensions on repayment are available, what the length of the repayment period is under the terms of the loans, or whether by the plan the debtor is proposing to accelerate payment on the loans. The court in *Sperna* made it clear the latter would constitute bad faith. 173 B.R. at 660.

■ Curiously, the debtor argues that the discrimination proposed is fair and has a reasonable basis because "it furthers the purposes of Chapter 13." What debtor ignores is that the Congress expressly provided for the nondischargeability of student loans in Chapter 13 cases. 11 U.S.C. § 1328(a)(2). It does not further the purposes of Chapter 13 to promote the satisfaction of nondischargeable debts through Chapter 13 plans by discriminating against other general unsecured creditors. To the contrary, the BAP has specifically rejected the argument that the nondischargeable nature of student loans is a sufficient basis for discrimination. *Sperna*, 173 B.R. at 658–59; accord *In re Colfer*, 159 B.R. 602, 608–09 (Bankr.D.Me.1993). A debtor must show some other reason for the discrimination. This Court has found no case in which the *Wolff* Test, as implemented by the BAP, has been applied to confirm a plan that treats student loans differently from other unsecured claims.[2] It is clear from *Sperna*, however, that the debtor must provide some evidence that the discrimination is justified.[3]

### CONCLUSION

■ The test for unfair discrimination requires more than a showing that the creditors are better off than they would be in some other hypothetical scenario. The fact that a certain type of claim is nondischargeable does not justify disparate treatment of unsecured claims. The debtor who proposes such a plan must provide evidence of some reasonable basis for the disparate treatment, as well as the necessity of it, and of the debtor's good faith in proposing the discrimination. The Debtor herein has made no such showing. This Court declines to confirm the Debtor's plan on the facts before it.

This Memorandum Decision constitutes findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052. Counsel for Gustavo and Cindy Bernal, co-executors of the Estate of Gustavo Bernal, is directed to file with this Court an order in conformance with this Memorandum Decision within ten (10) days from the date of entry hereof.

IT IS SO ORDERED.

---

2. Several courts have confirmed discriminatory plans citing *Wolff* but relied upon arguments which were rejected by the BAP in *Wolff* or *Sperna*. See for example, *In re Freshley*, 69 B.R. 96 (Bankr.N.D.Ga.1987), (Approving disparate treatment of student loan claims based, in part, upon dischargeable nature of claims.); *In re Benner*, 146 B.R. 265 (Bankr.D.Mont.1992) and *In re Tucker*, 159 B.R. 325 (Bankr.D.Mont.1993), (Approving disparate treatment of student loan claims based, in part, upon dischargeable nature of claims and fact that unsecured creditors would receive more than under a Chapter 7 liquidation.)

3. An example of evidence which might possibly justify the discrimination is found in *In re Freshley*, 69 B.R. 96 (Bankr.N.D.Ga.1987). The debtor in *Freshley* argued, and the court found, that unless the debtor repaid his student loan in full he would be unable to return to the school and earn his degree. *Id.* at 98. The court relied, in part, upon this finding to hold that the disparate treatment afforded under the plan therein was not unfair. *Id.* The court also relied upon the nondischargeable nature of the student loan obligation to support its holding. *Freshley*, 69 B.R. at 97–98. To that extent the decision is inconsistent with the BAP's holding in *Sperna*.