**In the Matter of Leslie Melvin ALLEN, Mary Jean Allen, Debtors.**

**CRESTLINE BUILDING & LOAN ASSOCIATION, Plaintiff-Appellee,**

v.

**Leslie Melvin ALLEN, Mary Jean Allen, Defendants-Appellants.**

**No. C82–405A.**

United States District Court, N.D. Ohio, E.D.

July 23, 1984.

George Hall, Mansfield, Ohio, for plaintiff-appellee.

Donald M. Miller, Canton, Ohio, for defendants-appellants.

## MEMORANDUM OF OPINION AND ORDER

KRENZLER, District Judge.

This is an appeal from an order of the Bankruptcy Court for the Northern District of Ohio denying confirmation of the debtors' Chapter 13 plan. 17 B.R. 119. The debtors filed a notice of appeal to this Court on February 19, 1982. This Court has jurisdiction pursuant to 28 U.S.C. § 1334(a).

The undisputed facts giving rise to this appeal are as follows. On September 3, 1971, Leslie Melvin Allen and Mary Jean Allen (hereinafter debtors) executed a mortgage note and deed on their principal residential property in favor of the Smith-Swain Company in the amount of $15,900.00. The note contained the following acceleration clause:

> If any deficiency in the payment of any installment under this note is not made good prior to the due date of the next such installment, the entire principal sum and accrued interest shall at once become due and payable without notice at the option of the holder of this note.

The note and deed were assigned to Crestline Building and Loan Association (hereinafter creditor).

Creditor commenced a foreclosure proceeding in the Court of Common Pleas of Richland County, Ohio on April 30, 1981. Creditor alleged in its complaint a balance due on the note of $13,955.26 in principal amount. Creditor later claimed another $1,922.11 in additional charges.

On October 13, 1981, debtors filed a Chapter 13 petition for relief with the Bankruptcy Court for the Northern District of Ohio. Debtors asserted their real estate had a present market value of $25,000.00 and admitted they were $600.00 in arrears. Under the plan they proposed, debtors would pay the arrearage on their note, and also pay unsecured creditors ten percent of amounts owed, by making payments of $45.00 per week to a trustee. Debtors indicated they would continue to make the current monthly mortgage payments directly to creditor as they became due.

On November 9, 1981, creditor filed a motion asking that confirmation of debtors' plan be denied and also asking that the automatic stay order, imposed when debtors filed their plan, be lifted. On December 23, 1981, the Bankruptcy Court denied confirmation of debtors' plan and dismissed the motion for relief from stay. Debtors then appealed to this Court.

The Bankruptcy Court's reason for denying confirmation of debtor's plan was that the filing of the foreclosure action accelerated the note, thereby causing the entire indebtedness to become due at once, and consequently, the debtors' plan was barred by 11 U.S.C. § 1322(b)(5).

11 U.S.C. § 1322(b) provides in pertinent part:

(b) ... the plan may—

\*　　\*　　\*　　\*　　\*　　\*

(2) modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims;

\*　　\*　　\*　　\*　　\*　　\*

(5) notwithstanding paragraph (2) of this subsection, provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due;

\*　　\*　　\*　　\*　　\*　　\*

Debtors have argued in effect that the acceleration of a note is irrelevant in deciding whether a Chapter 13 plan satisfies the requirements of § 1322(b)(5), since for the purposes of that subsection the date on which the last mortgage payment is due is

the date on the face of the note, rather than the earlier date brought about by acceleration. Otherwise, no plan, except one calling for immediate payment of the entire debt, would qualify.

In essence, the question before this Court is whether the date "on which the last payment is due" referred to in § 1322(b)(5) is the pre-acceleration date (which is the date on the face of the mortgage) or the post-acceleration date (which is the date of the acceleration itself, since acceleration makes the entire debt due at once). This question is of great importance, since its answer will determine whether acceleration prevents a home mortgagor from using Chapter 13.

■ The Senate debate on the Bankruptcy Code makes it clear that Congress intended § 1322(b)(5) to be used to protect home mortgagors. 124 Cong.Rec. S 17,423 (1978), *reprinted in notes following* 11 U.S.C.A. § 1322 (1979). If § 1322(b)(5) refers to the post-acceleration date, then once a mortgage has been accelerated, the only plan that would meet the requirement of this subsection would be one that called for immediate payment of the entire debt. Since a defaulting mortgagor is unlikely to be able to comply with such a plan, he would be precluded from using Chapter 13. Whether he was forced into total liquidation under Chapter 7 or simply faced foreclosure, he would lose his home. That would be contrary to Congressional intent.

■ Moreover, this Court takes judicial notice of the fact that most, if not all, home mortgages contain acceleration clauses. The above-mentioned interpretation would therefore, in effect, repeal Chapter 13 for the vast majority of home mortgagors. That too would be contrary to Congressional intent.

■ For these reasons, this Court concludes that § 1322(b)(5) refers to the date on the face of the mortgage on which the last payment is due, and not the earlier date brought about by acceleration. Because debtors' plan meets the time requirement of this subsection, they may cure

their default by making payments under their plan. *See In re Taddeo*, 685 F.2d 24 (2d Cir.1982).

Reversed and remanded for further proceedings not inconsistent with this opinion.

IT IS SO ORDERED.