**In re Tommy Anthony BRADLEY, Malinda Ann Bradley, Debtors.**

**Bankruptcy No. 88–02263–R.**

United States Bankruptcy Court, E.D. Virginia, Richmond Division.

Jan. 4, 1990.

Joyce E. Miles, Richmond, Va., for debtors.

Stephen A. Chaplin, Chaplin, Papa & Gonet, Richmond, Va., for SEAA.

Robert E. Hyman, Richmond, Va., Chapter 13 Trustee.

## MEMORANDUM OPINION

### BLACKWELL N. SHELLEY, Bankruptcy Judge.

This matter comes before the Court on the objection of the State Education Assistance Authority ("SEAA") to the confirmation of the debtors' Chapter 13 plan of reorganization. Finding SEAA's objection to be without merit, the Court will deny it and order the debtors' plan confirmed.

## FINDINGS OF FACT

SEAA, a general unsecured creditor in this bankruptcy case, objects to the confirmation of the debtors' plan of reorganization on the grounds that the plan unfairly discriminates against SEAA. Specifically, SEAA believes that the plan, which provides for a 10% payout to general unsecured creditors, impermissibly favors the holder of the second deed of trust on the debtors' principal residence, Virginia Housing & Development Authority ("VHDA"), in that the plan provides for the maintenance of payments on the debtors' obligation to VHDA.

For purposes of this opinion the Court accepts as fact SEAA's assertion that the value of the property securing VHDA's debt is less than the value of the claim of the first deed of trust holder, Sovran Mortgage Corporation, and thus that VHDA's claim is unsupported by equity.

It should be noted that this is not the case of an undersecured creditor complaining that the debtors' plan modifies its rights in violation of 11 U.S.C. § 1322(b)(2). This case concerns an unsecured general creditor's objection to a plan which provides for the maintenance of payments to a creditor whose claim is represented by a note secured only by the debtors' principal residence on which a superior lien exceeds the value of the residence. For reasons which will become evident later in the opinion, the Court finds that the last payment under the note matures after the consummation date of the plan.

For its objection SEAA contends that because VHDA's secured claim is not protected by any equity in the property, it is for all purposes, "unsecured." Thus, SEAA argues, payment of the VHDA's claim in full discriminates unfairly against the general unsecured creditors of the estate. The Court does not dispute SEAA's assertion that the plan discriminates against general unsecured creditors in that the VHDA receives full payment. Nevertheless, the Court finds that this discrimination is not unfair in that it is authorized by statute and is in accord with the rehabilitative purposes of the bankruptcy code.

## CONCLUSIONS OF LAW

According to § 1322(b)(1) of the bankruptcy code, a debtor's plan may designate a class or classes of unsecured claims as provided in § 1122, but the plan may not discriminate unfairly against any class so designated. 11 U.S.C. § 1322(b)(1). As the debtors' plan in effect designates the VHDA's entire claim as a class which receives full payment, the issue before the Court is whether this treatment constitutes unfair discrimination.

In determining whether a plan unfairly discriminates against a class of creditors under § 1322(b)(1), this Court has adopted a flexible, case-by-case approach. *In re Bowles,* 48 B.R. 502, 507 (Bankr.E.D.Va. 1985). The Court recognizes that emerging case law has developed several factors delineating unfair discrimination.[1] These

---

1. These factors include (1) whether the discrimination has a reasonable basis; (2) whether the debtor can carry out a plan without such discrimination; (3) whether such discrimination is proposed in good faith; and (4) the treatment of the class discriminated against. *In re Blackwell,* 5 B.R. 748, 751 (Bankr.W.D.Mich.1980); *In re Harris,* 62 B.R. 391 (Bankr.E.D.Mich.1986).

factors are helpful in developing the Court's analysis, however, the Court is not limited in its consideration of other pertinent factors. *Bowles,* 48 B.R. at 507.

One such factor is whether the discrimination at issue is authorized by statute. If the Bankruptcy Code authorizes the debtors' plan to cure defaults and maintain payments on a long-term obligation, then the debtors' utilization of the Code provision does not constitute unfair discrimination. A good example of statutory discrimination is the preferential treatment afforded to tax claims in Chapter 13, which discriminates against general unsecured creditors.[2] Similarly, the provision in the debtors' plan which proposes to cure the debtors' default and maintain the payments on VHDA's note is authorized by § 1322(b)(5), which provides:

> (5) notwithstanding paragraph (2) of this subsection, [the plan may] provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due....

11 U.S.C. § 1322(b)(5). In the case at bar, the debtors intend for VHDA's claim to be paid according to § 1322(b)(5) as the plan provides for the curing of the debtors' default and the maintenance of payments on a claim on which the last payment is due after the plan's consummation date. This treatment of creditors secured only by the debtors' principal residence was envisioned by Congress in drafting § 1322(b)(5).[3]

Because § 1322(b)(5) authorizes the debtors' plan to cure any default *and maintain payments on any unsecured or secured claim,* it is evident that the debtors' plan may provide for the maintenance of payments to undersecured creditors as well as

fully secured creditors whenever the last payment date under the note matures after consummation of the plan. Because of this reference to unsecured claims, § 1322(b)(5) authorizes the plan to cure the default and maintain the payments to VHDA regardless of whether the claim is divided into secured and unsecured portions under § 506(a). The SEAA, however, contends in its brief and argument that this claim should be bifurcated into secured and unsecured portions under § 506(a). For the reasons stated herein, the Court finds that a determination of this issue unnecessary to the decisional process. Therefore, the debtors' treatment of VHDA's claim does not discriminate unfairly against general unsecured creditors because such treatment is authorized under § 1322(b)(5).

Furthermore, the debtors' treatment of VHDA's claim facilitates the debtors' rehabilitation, an important purpose of the bankruptcy code. *See In re Spader,* 66 B.R. 618, 621 (W.D.Mo.1986). Facilitating a debtor's rehabilitation is a sound basis for discriminating in favor of a class of creditors. *See In re Terry,* 78 B.R. 171, 173 (Bankr.E.D.Tenn.1987) (the best reason for allowing some claims to be paid more than pro rata is to improve the debtor's rehabilitation); *In re Freshley,* 69 B.R. 96, 98 (Bankr.N.D.Ga.1987) (facilitating debtor's rehabilitation is one justification for discrimination). Chapter 13's provisions enable the debtors to retain their principal residence by permitting them debtor to cure default and maintain the payments on the home mortgage. *See Matter of Allen,* 42 B.R. 360, 362 (N.D.Ohio 1984); *In re Simpkins,* 16 B.R. 956, 963 (Bankr.E.D. Tenn.1982).

Another advantage of § 1322(b)(5) is that it allows a debtor to string out a long-term debt for the life of the original loan. This

---

**2.** A Chapter 13 plan must provide for the full payment of taxes before it will be confirmed. *See* § 1322(a)(2), § 507(a)(7). If the debtor does not complete payments under the plan and receives a hardship discharge under § 1328(c), tax debts will not be discharged. *See* § 1328(c)(2) and § 523(a).

**3.** "It is intended that a claim secured by the debtor's principal residence may be treated with under § 1322(b)(5) of the House amendment." 124 Cong.Rec. H11,106–11,107 (daily ed. Sept. 28, 1978) (remarks of Rep. Edwards). *See also, In re Stokes,* 39 B.R. 336, 340 (Bankr.E.D.Va. 1984) (this Court found that the curing of mortgage debt was contemplated specifically by the drafters of the Bankruptcy Code).

may have the result of reducing his regular Chapter 13 plan payments to an amount equal to or less than the disposable income available for that purpose. This attribute of § 1322(b)(5) becomes especially important to a debtor when the liquidation value of the debtor's non-exempt estate would ordinarily require over the limited life of the plan a monthly payment larger than the debtor could pay based on his disposable income. Additionally, the debtor is not restricted to paying only the liquidation value of his estate. He may and should be encouraged to pay more. This subsection would allow the debtor to make larger periodic payments to short-term creditors under the plan by spreading out the payments on long-term debts beyond the term of the plan. Without § 1322(b)(5), the debtor's ability to pay at least the liquidation value of the debtor's estate would be imperilled because he would be required to pay the long-term debt over the limited allowable life of a Chapter 13 plan and the resulting cumulative obligations may exceed his disposable income which would prohibit confirmation of the plan.

Other areas of discrimination exist in Chapter 13. In addition to the special treatment afforded tax liabilities alluded to *supra*, § 1322(a)(2) provides for full payment of all claims entitled to priority under § 507 unless the holder of a particular claim agrees to a different treatment. These claims include those for wages, contributions to employee benefit plans, grain farmers, fishermen, and moneys on deposit for services or property.

Finally, the Court's decision is in accord with case law which permits discrimination in favor of child-support obligations, which are non-dischargeable under § 1328(a)(2). These cases cite the strong public policy of full payment of child-support obligations as a justification for such discrimination.[4]

Likewise, policy considerations compel the full payment of obligations secured only by the debtor's principal residence. These considerations are expressed in the bankruptcy code by § 1322(b)(2), which prevents the modification of the rights of residential mortgage lenders. *See In re Vanasen,* 81 B.R. 59, 61 (D.Or.1987) (quoting *Seidel v. Larson (In re Seidel),* 752 F.2d 1382, 1383 (9th Cir.1985)); *In re Brantley,* 6 B.R. 178, 189 (Bankr.N.D.Fla.1980). The non-modification protection afforded by § 1322(b)(2) to creditors secured only by the debtor's principal residence evidences a policy of protecting the interests of home mortgage lenders. The debtors' treatment of VHDA's claim is in accord with this policy.

In the case at bar, the debtors' manner of treating VHDA's claim falls squarely within the ambit of § 1322(b)(5), as it provides for the curing of default and maintenance of payments on a note, the maturity date of which falls after the consummation of the plan. Full payment of this claim is authorized by § 1322(b)(5). Thus, the use of § 1322(b)(5) accomplishes the rehabilitative purposes of Chapter 13 by enabling the debtors to retain their home by curing defaults and maintaining periodic payments. Therefore the debtors' treatment of VHDA does not constitute unfair discrimination under § 1322(b)(1) of the Bankruptcy Code. Consequently, SEAA's objection to confirmation of the debtors' Chapter 13 plan is without merit.

For the reasons stated above, the Court will order SEAA's objection be denied and that the debtors' plan of reorganization be confirmed.

An appropriate Order will issue.

4. *In re Storberg,* 94 B.R. 144, 146–48 (Bankr.D. Minn.1988) (full payment of nondischargeable child-support not unfairly discriminatory); *In re Haag,* 3 B.R. 649, 651 (Bankr.D.Or.1980) (full payment of nondischargeable child-support not unfairly discriminatory); *In re Davidson,* 72 B.R. 384, 387 (Bankr.D.Colo.1987) (in *dicta,* court stated that discrimination in favor of the payment of child support has a reasonable basis as the debt is nondischargeable.) The Fourth Circuit has held that this public policy is so compelling that Bankruptcy law should not interfere with state court determinations of child support obligations, and therefore these obligations *may not be treated* in a Chapter 13 plan. *Caswell v. Lang (In re Caswell),* 757 F.2d 608, 611 (4th Cir.1985).